# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-41141
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE DE JESUS CAMACHO-HERNANDEZ, also known as Jose De Jesus
Camacho, also known as Jose Camacho-Hernandez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1728-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose De Jesus Camacho-Hernandez (Camacho) appeals the sentence imposed after he pleaded guilty to illegally reentering the United States after deportation.  The sentence was within a properly calculated advisory guidelines range that was increased by a prior conviction for a crime of violence (COV).

Camacho contends that Gall v. United States, 128 S. Ct. 586, 596 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), have abrogated previous

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fifth Circuit decisions by broadening the district court's discretion to impose a nonguidelines sentence. He argues, therefore, that the sentencing court labored under a misconception that it could not sentence him below the advisory guidelines range in the absence of "extraordinary circumstances" or based on the court's disagreement with guidelines policy.

We review for plain error because Camacho did not argue in the district court that this court's precedent was unduly restrictive. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008); United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008). Nothing in the record suggests that the district court was constrained by this court's precedent from considering any of Camacho's arguments for a nonguidelines sentence. Accordingly, there was no plain error. See Campos-Maldonado, 531 F.3d at 339.

Camacho also contends that his sentence is unreasonable because there is no empirical support for U.S.S.G. § 2L1.2, the Guideline mandating the COV increase. He did not challenge the empirical basis of § 2L1.2 in the district court, so his contention is reviewed for plain error. See Campos-Maldonado, 531 F.3d at 339. Nothing in the record suggests that the district court believed that it was precluded by circuit precedent from imposing a lesser sentence in the face of § 2L1.2. Moreover, pre-Gall precedent did not prevent a district court from giving a lower sentence than advised by § 2L1.2. See id.; United States v. Gomez-Herrera, 523 F.3d 554, 557 n. 1 (5th Cir. 2008).

Camacho shows no plain error. The district court's judgment is AFFIRMED.