# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-50468
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SCOUBART QUGO REFUGO, also known as Jose Juan Hernandez-Torres

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-861-ALL

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Scoubart Qugo Refugo appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation. Because Refugo previously had been convicted of illegal reentry, his offense level was adjusted upward by four levels pursuant to U.S.S.G. § 2L1.2(b)(1)(D). Refugo requested a downward variance from the guidelines sentence range. The request was denied, and Refugo was sentenced at the top of the guidelines range to 21 months of imprisonment and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Refugo contends that his sentence of imprisonment was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a)(2). Refugo concedes that this court ordinarily applies a presumption of reasonableness to within-guidelines sentences. See United States v. Campos-Maldonado, 531 F.3d 337, 338 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008); United States v. Gomez-Herrera, 523 F.3d 554, 565-66 (5th Cir.), cert. denied, 2008 WL 2754087 (Dec. 1, 2008) (No. 08-5226). Citing Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007), Refugo contends that the presumption should not apply in this case because § 2L1.2 is not empirically supported. In support of his contention that application of this guideline results in sentences that are arbitrarily harsh, he notes that his conviction for illegal reentry was considered both in determining his criminal history score and in applying the four-level adjustment under § 2L1.2. Refugo also contends that the guidelines range did not account for the following factors: that the instant illegal reentry offense did not involve violence, drugs or firearms; the seriousness of the offense was mitigated by his history of mental health problems; and his prior offenses were relatively minor.

Refugo's reliance on Kimbrough is misplaced as the Court did not address the applicability of the presumption of reasonableness. The district court considered Refugo's request for leniency in light of his personal circumstances, but it ultimately determined that a sentence within the guidelines range was appropriate. Refugo's within-guidelines sentence is presumptively reasonable, and Refugo has not shown that his sentence is unreasonable. See Campos-Maldonado, 531 F.3d at 338; Gomez-Herrera, 523 F.3d at 565-66. Accordingly, the judgment of the district court is AFFIRMED.