IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-50381
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUBEN GOMEZ-CALDERA

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-10-ALL

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ruben Gomez-Caldera pleaded guilty to the charge of entering the United States illegally after having been deported. See 8 U.S.C. § 1326. Because Gomez-Caldera had a prior conviction for a drug-trafficking offense, his offense level was adjusted upward by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). Gomez-Caldera requested a sentence at the bottom of the 57-to-71-month range of imprisonment under the Guidelines. The district court sentenced Gomez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Caldera to a 60-month term of imprisonment and a three-year term of supervised release.

Gomez-Caldera contends that his sentence was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a)(2). Gomez-Caldera concedes that this court ordinarily applies a presumption of reasonableness to within-guideline sentences. See United States v. Campos-Maldonado, 531 F.3d 337, 338 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008); United States v. Gomez-Herrera, 523 F.3d 554, 565-66 (5th Cir.), cert. denied, 2008 WL 2754087 (Dec. 1, 2008) (No. 08-5226). Citing Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007), he contends that the presumption should not apply in this case because § 2L1.2 is not empirically supported. Gomez-Caldera points out that the instant offense did not involve violent conduct and did not pose a danger to others and "was, at bottom, an international trespass." He contends also that the guidelines range did not account for his motivation for reentering the United States—to "earn money."

The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in Campos-Maldonado, 531 F.3d at 338-39. The appellate presumption is therefore applicable in this case.

The district court considered Gomez-Caldera's request for leniency in light of his personal circumstances, but it ultimately determined that a sentence at

the bottom of the guidelines range was not appropriate.  We note that the 60-month sentence was near the bottom of the applicable guidelines range.  Gomez-Caldera's within-guidelines sentence is entitled to a rebuttable presumption of reasonableness.  See Campos-Maldonado, 531 F.3d at 338; Gomez-Herrera, 523 F.3d at 565-66.  Because Gomez-Caldera has failed to make a showing sufficient to rebut that presumption, the district court's judgment is AFFIRMED.