**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-50518
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARTIN VALENCIA-VERGARA, also known as Martin Vergara-Valencia

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-672-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Martin Valencia-Vergara appeals the 41-month sentence he received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Valencia-Vergara first argues that the district court committed a procedural error by failing to provide adequate reasons for the imposed sentence. The record and the context show that the sentencing court considered the evidence and Valencia-Vergara's arguments and based the sentence on the facts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and arguments. The district court did not commit a procedural error in this regard. *See Rita v. United States*, 127 S. Ct. 2456, 2469 (2007).

Valencia-Vergara also contends that his sentence was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a)(2). Valencia-Vergara concedes that this court ordinarily applies a presumption of reasonableness to within-guideline sentences. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Citing *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), he contends that the presumption should not apply in this case because U.S.S.G. § 2L1.2 is not empirically supported. Valencia-Vergara points out that the instant offense did not involve violent conduct, and he contends that the guidelines range did not take into account that he reentered the United States to visit and help his dying brother.

The question presented in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. In *Kimbrough*, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in *Campos-Maldonado*, 531 F.3d at 338-39. The appellate presumption is therefore applicable in this case.

The district court considered Valencia-Vergara's request for leniency in light of his personal circumstances, but it ultimately determined that a sentence below the advisory guidelines range was not appropriate. We note that the 41-

2

month sentence was at the bottom of the applicable guidelines range. Valencia-Vergara's within-guidelines sentence is entitled to a rebuttable presumption of reasonableness. *See Campos-Maldonado*, 531 F.3d at 338; *Gomez-Herrera*, 523 F.3d at 565-66. Because Valencia-Vergara has failed to make a showing sufficient to rebut that presumption, the district court's judgment is AFFIRMED.