**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-50559
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL ARTURO VALENZUELA-MORALES, also known as Jose Jimenez-Morales

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-3061-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Daniel Arturo Valenzuela-Morales appeals the 71-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a), and, thus, it was substantively unreasonable. Valenzuela-Morales concedes that this court ordinarily applies a presumption of reasonableness to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

within-guidelines sentences. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Citing *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), he contends that the presumption should not apply in this case because the 16-level enhancement he received under U.S.S.G. § 2L1.2 is not empirically supported. Valenzuela-Morales points out that the instant offense did not involve violent conduct, did not pose a danger to others, and "was, at bottom, an international trespass." He also contends that the guideline range did not account for his motivation for reentering the United States which was to check on his pregnant wife who was ill. Because Valenzuela-Morales did not raise these arguments in the district court, plain error review applies. *See Campos-Maldonado*, 531 F.3d at 339.

The question presented in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564 (internal quotation marks and citation omitted). Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. In *Kimbrough*, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in *Campos-Maldonado*. The appellate presumption is therefore applicable in this case.

The district court considered Valenzuela-Morales's request for a sentence within the applicable guideline range, and it ultimately determined that a sentence at the top of that range was appropriate. Valenzuela-Morales's within-guidelines sentence is entitled to a rebuttable presumption of

reasonableness. *See Campos-Maldonado*, 531 F.3d at 338; *Gomez-Herrera*, 523 F.3d at 565-66. Because Valenzuela-Morales has not shown that his sentence is unreasonable, he has not shown plain error. *See Campos-Maldonado*, 531 F.3d at 339. Accordingly, the district court's judgment is AFFIRMED.