**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50705
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ANGEL RAMIREZ-MIRANDA, also known as Rodolfo M Garcia

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-733-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Angel Ramirez-Miranda (Ramirez) appeals the 27-month, within-guidelines sentence that he received after he pleaded guilty to being in this country unlawfully after removal, in violation of 8 U.S.C. § 1326. Ramirez contends that his sentence was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a) and, therefore, was substantively unreasonable. He concedes that this court ordinarily applies a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presumption of reasonableness to within-guidelines sentences but argues that the presumption should not apply in this case because U.S.S.G. § 2L1.2, which was used to enhance his sentence, is flawed is not empirically supported. He cites *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), to support his argument.

Because Ramirez did not challenge § 2L1.2 in the district court, his argument is reviewed under the plain error standard of review. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Ramirez fails to make the requisite showing of clear or obvious error, *see United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009), given that this court has already rejected the precise argument that he makes. *See Campos-Maldonado*, 531 F.3d at 339.

The substantive reasonableness of Ramirez's sentence is reviewed for an abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). The district court sentenced Ramirez within the guidelines range of imprisonment despite his argument that a guidelines sentence would be greater than necessary to satisfy § 3553(a) in light of his age, scant criminal history, and his family ties in this country. In rejecting Ramirez's argument, the district court considered the history and character of Ramirez, the need to promote respect for the law, the need to protect the public from him, and the need to deter him, all factors set forth in § 3553(a). Thus, Ramirez has not shown that the district court abused its discretion when it sentenced him. *See Gall*, 128 S. Ct. at 597.

AFFIRMED.