# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-20715
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CORANDO CAMPOS-MALDONADO, also known as Corando Campos

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-48-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:

Corando Campos-Maldonado (Campos) pleaded guilty to one count of unlawful reentry, in violation of 8 U.S.C. § 1326. The district court sentenced him to 57 months in prison, within the guidelines range. Campos now appeals.

The presentence report (PSR) calculated the guidelines range as 57 to 71 months, which included a 16-level crime of violence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based on Campos's prior conviction for assault with a deadly weapon. Campos argued that the district court should impose a below-guidelines sentence of 24 to 30 months. He asserted that the 16-level enhancement overstated the seriousness of his prior offense, arguing (1) that the offense should have been treated as at most an aggravated felony rather than a

crime of violence and, (2) that the offense was a youthful aberration. He raised other grounds for a non-guidelines sentence, including his subsequent history of non-violence and his lack of incentive to return to the United States. The district court indicated that it had considered Campos's arguments but concluded that "the Sentencing Guidelines have spoken adequately and appropriately to the range of punishment that is available and should be utilized by the Court in this instance." The court also noted that Campos had lost his permanent resident status and his opportunity to become a United States citizen.

Campos contends on appeal that the sentence was unreasonable in light of the Supreme Court's decisions in Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007). He asserts that our prior jurisprudence restricted the district court's sentencing discretion in a manner incompatible with Gall and Kimbrough. He further argues that the enhancement Guideline, § 2L1.2(b)(1)(A), is flawed and should not be given the same weight as other Guidelines because it was not the product of empirical studies or data or the usual process employed by the Sentencing Commission in formulating Guidelines. Finally, he contends that the district court focused on an irrelevant factor, namely, that he lost his permanent resident status and opportunity to apply for citizenship.

When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the 18 U.S.C. § 3553(a) factors, we "will give great deference to that sentence" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines" in light of the sentencing considerations set out in § 3553(a). United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2466-68 (2007) (holding that an appellate

court may apply a presumption of reasonableness to a within-guidelines sentence).

The district court must make an individualized assessment based on the facts presented and must start by calculating the applicable guidelines range. Gall, 128 S. Ct. at 596-97. This individualized assessment "necessarily means that the sentencing court is free to conclude that the applicable [g]uidelines range gives too much or too little weight to one or more factors, either as applied in a particular case or as a matter of policy." United States v. Williams, 517 F.3d 801, 809 (5th Cir. 2008). In Kimbrough, the Court reiterated what it had conveyed in Rita; a sentencing court may vary from the Guidelines based solely on policy considerations, including disagreements with the Guidelines, if the court feels that the guidelines sentence fails properly to reflect § 3553(a) considerations. Kimbrough, 128 S. Ct. at 570; see also Williams, 517 F.3d at 809-10 & n.42 (discussing Kimbrough's holding). Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant. Gall, 128 S. Ct. at 597. An appeals court may not require "extraordinary circumstances" to justify a sentence outside the guidelines range. Id. at 595.

With these considerations in mind, we turn to Campos's arguments. A threshold question is whether he preserved his arguments for review. Campos argued that the 16-level enhancement under § 2L1.2 resulted in a sentence that was excessive considering, inter alia, the nature of his prior offense, his youth at the time of the prior offense, and his subsequent conduct. He did not, however, argue that § 2L1.2 itself is flawed because it was not adopted as part of the usual Sentencing Commission procedure. Further, nothing in the record indicates that the district court was restricted by our precedent from considering Campos's arguments for a non-guidelines sentence. Campos likewise did not object to the district court's reference to his loss of ability to seek citizenship. Thus, we review these arguments for plain error. See United States v.

3

Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005). Campos must demonstrate (1) error, (2) that is clear or obvious, and (3) that affects substantial rights. Id. If these conditions are met, this court may exercise its discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

We conclude that there is no reversible plain error. The record demonstrates that the district court was aware of Campos's arguments for a non-guidelines sentence based on his particular circumstances. The court nevertheless concluded that the Guidelines provided the appropriate sentencing range. Further, our precedent did not preclude the district court from deviating from the guidelines range based on a conclusion that the 16-level enhancement resulted in an excessive sentence in light of Campos's arguments. See United States v. Gomez-Herrera, 523 F.3d 554, 557 n.1 (5th Cir. 2008). As for the district court's reference to Campos's loss of permanent resident status and loss of opportunity to seek citizenship, we see no plain error warranting reversal.

The district court's decision to sentence Campos according to the Guidelines is entitled to deference and the resulting within-guidelines sentence is entitled to a presumption of reasonableness. See Alonzo, 435 F.3d at 554. Campos has failed to overcome that presumption. To the extent that Campos argues generally that the sentence is unreasonable based on the factors that he did present to the district court, we discern no reason to disturb the district court's exercise of its discretion. See id.

For the foregoing reasons, the judgment of the district court is AFFIRMED.