# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-50244
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JULIO CESAR RODRIGUEZ-HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2576-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Julio Cesar Rodriguez-Hernandez (Rodriguez) pleaded guilty to illegal reentry after deportation and was sentenced to a 30-month term of imprisonment, the bottom of the advisory sentencing guidelines range. Rodriguez contends that his sentence is procedurally unreasonable because the district court did not provide adequate reasons for selecting the sentence. Citing Kimbrough v. United States, 128 S. Ct. 558, 574 (2007), he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the sentence is not entitled to a presumption of reasonableness because the illegal reentry guideline, U.S.S.G. § 2L1.2, does not take account of empirical data and national experience. Finally, Rodriguez asserts that his sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

We review Rodriguez's procedural argument for plain error because he did not timely object to the adequacy of the district court's reasons for selecting the sentence. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008). To show plain error, Rodriguez must identify an error that is clear or obvious and that affects his substantial rights. United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008). And even if he makes such a showing, giving us the discretion to correct the error, we may only do so if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

The district court's statements at sentencing were adequate to show that it had considered Rodriguez's contentions and the pertinent sentencing factors. See Rita v. United States, 127 S. Ct. 2456, 2468 (2007). We disagree with Rodriguez's reading of Kimbrough. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. The Kimbrough Court said nothing about the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by our decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008), cert. denied, 129 S. Ct.

328 (2008), which involved a similar challenge to § 2L1.2. The appellate presumption is therefore applicable in this case.

After reviewing the record on appeal for procedural errors and considering the substantive reasonableness of the sentence, we conclude that Rodriguez has failed to show that his sentence is not entitled to a presumption of reasonableness, much less overcome that presumption. Accordingly, the judgment of the district court is AFFIRMED.