IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2009

Charles R. Fulbruge III
Clerk

No. 07-41264
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS PALOS-LUNA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-440-1

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Luis Palos-Luna (Palos) was charged with and pleaded guilty to being found unlawfully in the United States after deportation, in violation of 18 U.S.C. § 1326. The district court sentenced Palos to 48 months of imprisonment, below the properly calculated advisory guidelines range of 57 to 71 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decision for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). See Gall v. United States, 128 S. Ct. 586, 594, 597 (2007); United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). First, this court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. Second, if the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id.

Palos argues the sentence is procedurally unreasonable because, under this court's legally erroneous precedent extant at the time of sentencing, the district court necessarily viewed its sentencing discretion as more limited than the Supreme Court's decisions in Gall and Kimbrough v. United States, 128 S. Ct. 558 (2007), show to be the case. He contends that, as a result, the district court, as a matter of law, failed to properly consider the § 3553(a) factors.

He asserts that under Fifth Circuit law at the time of sentencing, a district court was forbidden to impose a sentence outside the Guidelines based solely upon its policy disagreement with the applicable Guidelines or based upon any factor deemed to have been taken account of by the Guidelines. Palos contends that the district court was not free to accept his arguments that it should disagree with the advisory guidelines range on the ground that the Guidelines systematically over-punished illegal reentrants and that it should vary from the Guidelines and impose a 36-month sentence because Palos had received only a

24-month sentence on the robbery conviction upon which the 16-level enhancement was based, resulting in a 57- to 71-month guidelines range.

Palos has not shown that this court's precedent required the district court to err by foreclosing its ability to consider his argument that the Guidelines over-punished illegal reentrants and resulted in advisory guidelines sentencing ranges that are greater than necessary to satisfy the § 3553(a) factors. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008); United States v. Gomez-Herrera, 523 F.3d 554, 557-64 (5th Cir.), cert. denied, ___ S.Ct. ___, 2008 WL 2754087 (2008).

In the district court, Palos asserted generally that the court was not free to vary from the Guidelines based on factors already taken into account by the Guidelines. He then requested a variance based on the nonviolent nature of his illegal reentry offense, his apprehension shortly after he reentered, the 24-month sentence upon which the U.S.S.G. § 2L1.2 enhancement was based, the age of his prior offenses, his youthfulness when he committed them, and his recent crime-free life. However, he did not cite any guidelines provisions that take into account any of these particular factors, and he did not argue or cite any cases showing that the district court was not free to vary on these specific grounds because they were already taken into account by the Guidelines. Nor does Palos make such an argument or citation in this court. Thus, Palos has not shown that this court's precedent required the district court to err by foreclosing it from considering his argument for a variance because the factors in support of such a variance were already taken into account by the Guidelines. Moreover, the record shows that the district court considered these arguments and the § 3553(a) factors and, in fact, imposed a sentence below the advisory guidelines range set forth in the presentence report.

We conclude that the district court committed no procedural error in this case. Palos does not challenge the substantive reasonableness of the sentence.

Palos argues that his case should be remanded for correction under FED. R. CRIM. P. 36 because the judgment does not state the correct offense of conviction. Palos contends that although he was charged with and pleaded guilty to the offense of being found unlawfully in the United States after deportation, the judgment incorrectly reflects conviction for the offense of illegal reentry after deportation.

Rule 36 authorizes this court to correct only clerical errors, which exist when "the court intended one thing but by merely clerical mistake or oversight did another." United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995). In the district court's judgment, the "Nature of Offense" description, "[i]llegal reentry after deportation," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326. Such a method of reference to § 1326 is not uncommon. In fact, this court has often used the term "illegal reentry" in reference to violations of § 1326 generally. See, e.g., United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007) ("[A]n alien who has previously been denied entry or been deported or removed commits the offense of illegal reentry when the alien thereafter 'enters, attempts to enter, or is at any time found in, the United States . . . .'" (emphasis added)); United States v. Vargas-Garcia, 434 F.3d 345, 349 (5th Cir. 2005) ("The illegal reentry statute defines Vargas-Garcia's offense thusly: a removed alien commits illegal reentry when he 'enters, attempts to enter, or is at any time found in, the United States . . . .'" (emphasis added)). Thus, it appears that the district court's judgment uses the term "illegal reentry" intentionally in reference to § 1326 generally, and such is not a clerical error.

We AFFIRM the judgment of the district court.