**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-40049
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERTO AGUILAR, JR, also known as Robert Aguilar

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No.7:07-CR-618-1

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Aguilar, Jr., pleaded guilty to the charge of being found illegally in the United States after having been deported. *See* 8 U.S.C. § 1326. Because Aguilar had a prior conviction for robbery, his offense level was adjusted upward by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). After granting the Government's request for a two-level downward departure for early disposition under § 5K3.1, p.s., the district court sentenced Aguilar to a 37-month term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment, at the bottom of the guidelines range. Aguilar appeals his sentence, arguing that it is unreasonable. In reviewing a sentence, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

Aguilar argues that § 2L1.2 is not empirically based and should be accorded little weight in the 18 U.S.C. § 3553(a) analysis. Because Aguilar did not raise this argument in the district court, plain error review applies. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir.), *cert. denied*, 2009 WL 56591 (Jan. 12, 2009) (No. 08-7559). Aguilar has not shown error, plain or otherwise. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Aguilar is essentially asking this court to reweigh the § 3553(a) factors, which we may not do. *See Gall*, 128 S. Ct. at 597. The totality of the circumstances, considered in light of the § 3553(a) factors, supports the sentence the district court imposed. *See id.*

AFFIRMED.