**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-50525
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ADRIAN HERNANDEZ-GARAY

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
No. 3:07-CR-3201

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Andrian Hernandez-Garay appeals his 70-month sentence received following his guilty plea to illegal reentry.[1] The presentence report included a 16-level increase over the base offense level of 8 based on the fact that Hernandez was previously convicted of an alien smuggling offense.[2] With

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 8 U.S.C. § 1326.

[2] *See* U.S.S.G. § 2L1.2(b)(1)(A).

Hernandez's criminal history category of V, this offense level produced a guidelines range of 70 to 87 months. Hernandez argued for a below-guidelines sentence. The district court considered his situation and sentenced him to 70 months. We review for abuse of discretion.[3]

Hernandez first argues that the sentencing guidelines for illegal reentry are not supported by empirical data and national experience and therefore the presumption of reasonableness which we ordinarily apply to within-guideline sentences should not apply. While we agree that a sixteen-level enhancement for a prior alien smuggling offense is harsh, we have twice rejected challenges that sentences that result from the application of the enhancement should not, on appeal, be given a presumption of reasonableness.[4] We therefore apply the appellate presumption of reasonableness.

The district court heard Hernandez's argument for a below-guideline sentence, including Hernandez's family ties in the United States, his attempts at working in Mexico, and his son's medical condition in the United States. Hernandez also stated his family's intentions to "leave this country as soon as possible." The district court, however, was concerned by Hernandez's multiple previous illegal entry charges. On this basis, the court sentenced him to the low range recommended by the guidelines. We cannot find that this was an abuse of discretion. Hernandez's sentence is AFFIRMED.

---

[3] *U.S. v. Gomez-Herrera*, 523 F.3d 554, 564 (5th Cir. 2008). The Government argues that Hernandez's first contention—that the sentencing guideline at issue is not supported by empirical data—was not specifically raised in the district court, thus limiting our review to plain error. We need not decide the appropriate level of review because our case law has rejected Hernandez's argument under both abuse of discretion and plain error standards.

[4] *U.S. v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008); *Gomez-Herrera*, 523 F.3d at 565–66.