**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-50991
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JORGE LUIS AVALOS-RIOS,

Defendant–Appellant,

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-71-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Avalos-Rios appeals the fifty-seven month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a), and, thus, it was substantively unreasonable. Avalos-Rios concedes that this court ordinarily applies a presumption of reasonableness to within-guidelines sentences. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2008), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 624 (2008). Citing *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), he contends that the presumption should not apply in this case because the sixteen-level enhancement he received under United States Sentencing Guidelines § 2L1.2 is not empirically supported. Avalos-Rios argues that although illegal reentry is a less serious offense than residential burglary, the fifty-seven month sentence was nearly as long as the five-year sentence he ultimately received for his prior residential burglary conviction. He also argues that the sentence was greater than necessary to deter further reentries because it would require him to serve far more imprisonment than he had for either of his two prior convictions. Although Avalos-Rios argued in the district court that a within-guidelines sentence was too harsh, he did not raise his current empirical argument. Thus, this argument is reviewed for plain error only. *See Campos-Maldonado*, 531 F.3d at 339.

The question presented in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564 (internal quotation marks and citation omitted). Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. In *Kimbrough*, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in *Campos-Maldonado*. The appellate presumption is therefore applicable in this case.

The district court considered Avalos-Rios's request for a sentence below the applicable guideline range, and it ultimately determined that a sentence at

the bottom of that range was appropriate. Avalos-Rios's within-guidelines sentence is entitled to a presumption of reasonableness. *See Campos-Maldonado*, 531 F.3d at 338; *Gomez-Herrera*, 523 F.3d at 565-66. Because Avalos-Rios has not shown that his sentence is unreasonable, he has not shown plain error. *See Campos-Maldonado*, 531 F.3d at 339. Accordingly, the district court's judgment is AFFIRMED.