# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-50578
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GERADO PINA-GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-489-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gerado Pina-Garcia (Pina) appeal the 46-month sentence imposed for his guilty plea conviction for attempting to reenter the United States following removal. *See* 8 U.S.C. § 1326. He argues that the district court imposed an unreasonable sentence that was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pina argues that this court should not afford the sentence a presumption of reasonableness because U.S.S.G. § 2L1.2 is not supported by empirical data and national experience upon which the Sentencing Commission typically promulgates guidelines. He cites *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2008), in support of this argument. However, *Kimbrough* said nothing of the applicability of the appellate presumption of reasonableness. The Sentencing Commission's reasons for the amendment to § 2L1.2 suggest that the 16-level increase for certain aggravated felonies was formulated in the manner described in *Rita v. United States*, 127 S. Ct. 2456, 2463-65 (2007), which held that such presumptions were permissible. *See* U.S.S.G. App. C, Amend. 632. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by our decisions in *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008), and *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). The appellate presumption is therefore applicable in this case.

Pina has failed to overcome the presumption that his within-guidelines sentence was reasonable. *Campos-Maldonado*, 531 F.3d at 338-39. Accordingly, the judgment of the district court is AFFIRMED.