# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-31046
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO K JOHNSON

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CR-17-1

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario K. Johnson appeals the 210-month sentence of imprisonment imposed following his plea of guilty to one count of distribution of five grams or more of cocaine base. Johnson argues that the district court erred by imposing a career offender enhancement pursuant to U.S.S.G. § 4B1.1. According to Johnson, the sentences for the two prior Louisiana drug offenses which formed the basis for the enhancement should not have been treated as separate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences because they were functionally consolidated. As Johnson concedes, because he did not object to the enhancement in the district court, review is for plain error. *United States v. Campos-Maldonado*, 531 F.3d 337, 339-40 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Even if Johnson had objected to the enhancement, there was no error. Under the plain language of the current version of § 4A1.2(a)(2), prior sentences "are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense." If there was no intervening arrest, the sentences are still treated separately unless (1) they resulted from offenses charged in the same instrument, or (2) the sentences were imposed on the same day. § 4A1.2(a)(2). It is undisputed that Johnson was arrested for the first offense on January 26, 2006, and that the second offense occurred on February 21, 2006. Thus, the offenses were separated by an intervening arrest, and are treated separately. It is unnecessary to conduct any further analysis.

Although Johnson contends that a court must inquire into whether the prior sentences were functionally consolidated, consolidation is no longer the relevant inquiry under the version of § 4A1.2 that applies to him. Even under the prior version, however, offenses separated by an intervening arrest were treated separately, and courts looked to whether they were consolidated only if there was no intervening arrest.

In light of the foregoing, the district court committed no error, plain or otherwise. The judgment of the district court is AFFIRMED.