**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-51203
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN RANGEL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-242-ALL

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Adrian Rangel appeals following his conviction for being a felon in possession of a firearm. He argues that the district court's 60-month sentence was not reasonable and should be vacated.

A defendant must object to a sentence as unreasonable in the district court in order to preserve a substantive reasonableness challenge. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rangel did not object to his sentence as unreasonable in the district court. Accordingly, his argument is reviewed for plain error. *Id.* To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the 18 U.S.C. § 3553(a) factors, this court gives "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation marks and citation omitted), *cert denied*, 129 S. Ct. 328 (2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

The district court was authorized to sentence Rangel to up to 120 months of imprisonment. *See* 18 U.S.C. § 924(a)(2). The court considered the § 3553(a) factors, placing emphasis on the seriousness of the offense, the need to protect the public, and the need for educational training and drug treatment.

Rangel has shown neither that the district court's sentence was unreasonable nor that the sentence was plainly erroneous. *See Campos-Maldonado*, 531 F.3d at 338; *Baker*, 538 F.3d at 332. His sentence is therefore AFFIRMED.