# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 09-50107
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FABIAN FUENTES-VALDIVA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2744-1

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Fabian Fuentes-Valdiva appeals the 46-month sentence imposed following his conviction for illegal reentry after deportation. He asserts that the illegal reentry Guidelines double count a defendant's criminal record, resulting in a sentencing range that is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He also argues that the guidelines range for his sentence was too severe because it failed to reflect that his offense is not evil or a crime of violence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and because it failed to consider that the reason he came back to the United States was to find work to support his son.

We have rejected the argument that using a prior conviction to increase the offense level and in calculating criminal history is impermissible "double counting." *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Moreover, Fuentes-Valdiva has not rebutted the presumption that the district court sentenced him to a reasonable and properly calculated within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). The district court's judgment is AFFIRMED.