# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-50418
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT ALAN THOMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-255-2

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Alan Thompson pleaded guilty to one count of conspiring to manufacture 50 grams or more of methamphetamine and conspiring to possess pseudoephedrine with intent to manufacture methamphetamine. *See* 21 U.S.C. §§ 841 and 846. The district court sentenced Thompson to, *inter alia*, 184 months' imprisonment. Thompson appeals his sentence, claiming: the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in calculating the amount of methamphetamine for which he was responsible, and so erred in calculating his base-offense level; and, his sentence is greater than necessary to accomplish the 18 U.S.C. § 3553(a)(2) sentencing objectives.

The Government contends that Thompson waived his right to appeal. Because the magistrate judge did not discuss with Thompson the waiver provision of his plea agreement at rearraignment, as was required by Federal Rule of Criminal Procedure 11(b)(1)(N), and because it is unclear from the record whether Thompson read and understood his plea agreement and had no questions regarding the waiver provision, the waiver will not be enforced. *See United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999).

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Regarding his contention that the district court erred in ruling that Thompson was accountable for 180.57 grams of methamphetamine, Thompson admitted he purchased 361.14 grams of the precursor chemical pseudoephedrine. He maintains, however, that the district court's application of a 50% conversion ratio was premised on assumptions rather than on evidence. The Sentencing Guidelines have established a 50% conversion ratio from pseudoephedrine to methamphetamine. *See* U.S.S.G. §§ 2D1.1(c), 2D1.11(d); *see also United States v. Martin*, 438 F.3d 621, 625, 633 (6th Cir. 2006). Accordingly, the district court neither misapplied the Guidelines nor clearly erred in ruling that Thompson was responsible for 180.57 grams of methamphetamine.

Regarding his contention that his 184-month sentence is unreasonable, Thompson did not object to the reasonableness of his sentence in the district court. Therefore, review is only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). For there to be reversible plain error, the district court must have committed a clear or obvious error that affected Thompson's substantial rights; even then, we have discretion whether to correct such error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).

The district court stated that it had taken into account the sentencing factors in § 3553(a) in determining Thompson's sentence. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Thompson has not shown that the district court plainly erred in determining that a 184-month sentence of imprisonment, which was within the advisory guideline range, satisfied the sentencing objectives of § 3553(a).

AFFIRMED.