# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 8, 2010

Lyle W. Cayce
Clerk

No. 10-50204
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE MORENO-CRUZ, also known as Enrique Castillo-Moreno,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:09-CR-239-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Enrique Moreno-Cruz (Moreno) appeals the 46-month sentence he received following his guilty plea conviction for illegal reentry into the United States following deportation. He asserts that his sentence, despite being within the applicable guidelines range, was substantively unreasonable because the district court improperly based the sentence on Moreno's personal factors rather than on the severity of the offense. Additionally, Moreno hypothesizes that such a lengthy sentence could give rise to a due process violation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50204

Because Moreno did not object to the imposed sentence as unreasonable, we review this claim for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Moreno's disagreement with the within-guidelines sentence imposed does not suffice to rebut the presumption of reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Under *United States v. Booker*, 543 U.S. 220 (2005), the district court is required to consider the factors of 18 U.S.C. § 3553(a), including "the history and characteristics of the defendant."  § 3553(a)(1).  Consequently, the judgment of the district court is AFFIRMED.