# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2011

Lyle W. Cayce
Clerk

No. 11-50165
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE HUMBERTO NIETO-MOSQUEDA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2767-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Humberto Nieto-Mosqueda appeals his 46-month sentence following his guilty-plea conviction for illegal reentry and using a fraudulent visa. He maintains the sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). Relying on *United States v. Galvez-Barrios*, 355 F. Supp. 2d 958, 961-63 (E.D. Wis. 2005), Nieto contends: the Guidelines range was too severe because Guideline § 2L1.2 (providing, *inter alia*, a 16-level enhancement for illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentry following a drug trafficking offense) is *not* empirically based and double-counts a defendant's criminal record;  the advisory Guideline sentencing range overstated the seriousness of his criminal history and nonviolent reentry offense; and that range failed to account for his motive for reentering–to be with his family and to be a father to his three young daughters.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in the light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).  Our court first determines whether the district court committed any significant procedural error; and, if *not*, the sentence is reviewed for substantive unreasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).  "A discretionary sentence imposed within a properly calculated guidelines [sentencing] range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

The district court considered Nieto's reasons for a lower sentence but determined a 46-month within-Guidelines sentence was appropriate.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *Campos-Maldonado*, 531 F.3d at 339.  Nieto's contentions–§ 2L1.2's lack of an empirical basis, the double-counting of his prior conviction, the nonviolent nature of his offense, his motive for reentry, and his personal history and characteristics all justified a lower sentence–are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.