**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2012

Lyle W. Cayce
Clerk

No. 11-60683
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDREO SALGADO-MARIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:11-CR-30-1

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Andreo Salgado-Marin (Salgado) appeals his bottom-of-the-guidelines range sentence of imprisonment of 57 months imposed following his guilty plea conviction for reentry by a deported alien following a felony conviction. Salgado argues that his sentence was substantively unreasonable because he returned to the United States to obtain work to support his family. Pointing out that he unequivocally advised the district court that he would not again return to the United States, he contends that the punishment imposed was unnecessary to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deter him from engaging in further criminal conduct, to protect the public, to provide just punishment or to promote respect for the law.  Salgado argues that an analysis of the 18 U.S.C. § 3553 factors demonstrate that his sentence was unreasonable and that the case should be remanded for resentencing.

Salgado did not object to the reasonableness of the sentence in the district court.  Therefore, review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  To prevail under that standard, Salgado must show an error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  *Id.*

A sentence imposed within a properly calculated guidelines range is entitled to a presumption of reasonableness.  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The record reflects that the district court considered the arguments made by Salgado and responded to them by requesting that he be placed in a medical facility where his diabetes could be treated and by granting his counsel's request that Salgado receive credit for time served in federal custody.  In adopting the recommendation in the presentence report that Salgado's offense level be reduced by three levels for acceptance of responsibility, the district court recognized Salgado's cooperation with the Government.  The district court considered counsel's plea for the imposition of a lesser sentence to hasten Salgado's deportation, but expressly rejected the request because it determined that Salgado must suffer some penal circumstances for his wrongdoing.  After citing the § 3553(a) factors that it had considered, the district court determined

that the factors did not present any reasons to sentence Salgado outside of the guidelines range.

Salgado has not demonstrated that the district court failed to give the proper weight to any particular § 3553(a) factor or that his sentence "represents a clear error of judgment in balancing sentencing factors." *Cooks*, 589 F.3d at 186. Neither his alleged benign motive for returning to the United States nor his history and characteristics warranted a sentence lower than the guidelines sentence that he received. *See Rita v. United States*, 551 U.S. 338, 360 (2007); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Salgado has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence and, thus, he has not demonstrated that his sentence was substantively unreasonable. *See Gall*, 552 U.S. at 51, *Ruiz*, 621 F.3d at 398. Accordingly, he has not shown any error, plain or otherwise. *See Puckett*, 556 U.S. at 135. The sentence is AFFIRMED.