# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2012

Lyle W. Cayce
Clerk

No. 12-40157
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELDA ELIZABETH RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1033-1

Before REAVLEY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Elda Elizabeth Rodriguez pleaded guilty to knowingly making a false statement to a firearm dealer, in violation of 18 U.S.C. § 924(a)(1)(A), and was sentenced to 37 months of imprisonment and three years of supervised release. She argues that the district court erred by applying the enhancements in U.S.S.G. § 2K2.1, that the sentence is substantively unreasonable because her codefendant received a lower sentence, and that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutionally relied on facts not proved beyond a reasonable doubt in imposing sentence.

Section 2K2.1 was not used to calculate Rodriguez's offense level; Rodriguez's offense level was calculated using the cross-reference in § 2M5.2. This claim of error presents no issue for appeal as it is based on an erroneous reading of the record.

Rodriguez did not object to the substantive reasonableness of the sentence. Therefore, this claim of error is reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Rodriguez recruited her codefendant into participating in the offense, and her codefendant purchased fewer firearms. Given the differences in Rodriguez's and her codefendant's respective culpability, any disparity in their sentences was not unwarranted. *See* 18 U.S.C. § 3553(a)(6). Moreover, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Rodriguez has failed to rebut the presumption of reasonableness that is accorded to her within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). There was no error, plain or otherwise, with respect to the substantive reasonableness of her sentence.

Rodriguez's claim of constitutional error is raised for the first time on appeal and thus is reviewed for plain error. *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 321 (5th Cir. 2007). The district court did not err by enhancing Rodriguez's sentence on the basis of facts not proved beyond a reasonable doubt because Rodrigiez was convicted and sentenced under the advisory sentencing regime and the facts relied on by the district court did not increase the statutory maximum sentence. *See United States v. Thompson*, 454 F.3d 459, 467-68 (5th Cir. 2006). There was no constitutional error, plain or otherwise.

The judgment of the district court is AFFIRMED.