# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 1, 2013

No. 12-30563
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL DESCHENES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-319-21

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Deschenes pleaded guilty to engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g) and was sentenced within the guidelines range to 260 months of imprisonment and a lifetime of supervised release. Deschenes challenges the application of the two-level enhancement in U.S.S.G. § 2G2.6(b)(4) for use of a computer in the commission of the offense as well as the substantive reasonableness of the term of imprisonment imposed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentences are reviewed for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court commits a significant procedural error by improperly calculating the guidelines range. *Id.* "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

In reliance on *United States v. John*, 309 F.3d 298 (5th Cir. 2002), Deschenes argues that the enhancement constituted impermissible double-counting because the statute of conviction contemplates the use of a computer as an element of the offense of conviction. In *John*, we held that an enhancement for the victim's age constituted double-counting because the statute of conviction required that the victim be under the age of 12, and, therefore, the age of the victim was already factored into the base offense level. *Id.* at 305-06. Since computer usage was not required by the statutes of conviction in this case, *see* 18 U.S.C. §§ 2251(d), 2252A(g)(2), Deschenes's computer usage was not already factored into the base offense level in § 2G2.6(a). *John* is thus distinguishable. Additionally, double-counting is prohibited only if the relevant Guideline expressly forbids it, and § 2G2.6(b)(4) contains no such prohibition. *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

Next, Deschenes argues that the district court failed to give appropriate weight and consideration to his advanced age, history of heart attacks, obesity, lack of criminal history, cooperation with the Government, and employment history as well as evidence that he did not personally produce any child pornography, have inappropriate contact with a child, or financially profit from his postings. The district court was aware of these mitigating factors but gave more weight to the seriousness of the offense, particularly the nature of the images depicted in Deschenes's posts and the impact of Deschenes's conduct on the victims. Deschenes has failed to rebut the presumption of reasonableness

that is accorded to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.