# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2013

No. 12-30681
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARRY JUDE GUIDRY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:11-CR-293-2

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Barry Jude Guidry appeals the sentence imposed for his conviction for making a false statement in the acquisition of firearms. The district court sentenced him within his guidelines range to 120 months of imprisonment, which was the statutory maximum for his conviction, and three years of supervised release. Guidry contends that his sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30681

Because Guidry did not object to the substantive reasonableness of his sentence, the plain error standard applies here. *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013). As Guidry's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

In support of his substantive reasonableness challenge, Guidry argues that his criminal history did not involve violence and entailed relatively minor offenses; he was not a danger to the community and could contribute to society following rehabilitation; his offense involved a small operation in which he merely accepted a request proposed by someone else to obtain three guns in exchange for money; it would be of greater social benefit to rehabilitate, rather than incarcerate, defendants such as Guidry, whose criminal history consisted of minor crimes that were committed because of a drug addiction; and there was an unwarranted disparity between his sentence and the sentence of a co-defendant.

The district court considered the sentencing factors under 18 U.S.C. § 3553(a). "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Guidry has not shown sufficient reason for us to disturb the presumption of reasonableness applicable to his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court's sentence was not an abuse of discretion, much less plainly erroneous.

AFFIRMED.