# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2014

Lyle W. Cayce
Clerk

No. 13-51169
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HAROLD BRUCE CALLAWAY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-187-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Harold Bruce Callaway pleaded guilty to four counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), and two counts of production of obscene visual depictions of sexual abuse of a child, in violation of 18 U.S.C. § 1466A(a)(1). He was sentenced, *inter alia*, to 360 months' imprisonment for each of the four counts of production of child pornography, to be served consecutively, and 240 months' imprisonment for each of the two

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

counts of production of obscene visual depictions of sexual abuse of a child, to be served concurrently to each other and to the other four counts, for a total of 1,440 months (120 years) in prison.

Callaway does not claim procedural error in the calculation of his advisory Sentencing-Guidelines-sentencing range.  He claims his sentence imposed within that range is greater than necessary to satisfy the sentencing goals provided in 18 U.S.C. § 3553(a) and is, thus, substantively unreasonable.

Generally, sentences are reviewed for reasonableness, employing a deferential abuse-of-discretion standard and presuming a sentence within a properly calculated Guidelines sentencing range is reasonable.  *E.g.*, *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 338–39 (5th Cir. 2008).  But, in this instance, and as Callaway admits pursuant to our precedent, review is for plain error because he did not challenge the substantive reasonableness of the sentence after it was imposed. *United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).  (Along that line, Callaway maintains such a post-sentence objection is not required, especially when defendant's position regarding substantive reasonableness has been presented at sentencing.  He presents this claim to preserve it for possible further review.  In any event, his substantive-reasonableness claim fails under either standard of review.)  Under the plain-error standard of review, Callaway must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The district court did not err in sentencing Callaway.  It considered Callaway's assertions and testimony, other testimony and evidence, and the appropriate statutory sentencing factors and Guidelines, and made credibility

rulings before concluding that a within-Guidelines sentence was appropriate. That determination is owed deference, and Callaway's disagreement with the district court's assessment of those factors is insufficient to rebut the presumption that the sentence is reasonable. *E.g., Campos-Maldonado*, 531 F.3d at 339.

AFFIRMED.