# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20424
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER MORENO-MORENO, also known as Javier Perez Moreno, also known as Javier Moreno, also known as Bertin Lopez, also known as Daniel Lopez, also known as David Hernandez, also known as Javier Moreno Moreno, also known as Daniel Lopez Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-724-1

Before ELROD, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Javier Moreno-Moreno appeals his 57-month within-guidelines sentence for illegal reentry into the United States. Moreno contends that his sentence is substantively unreasonable because the district court failed to sufficiently account for mitigating factors, including his cultural assimilation; his non-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20424

culpable role in a 1996 aggravated assault offense, upon which the district court applied a 16-level crime-of-violence increase to his base offense level; and the 34 days he spent in Immigration and Customs Enforcement (ICE) custody.

To the extent Moreno challenges the denial of his request for a departure based on cultural assimilation, this court lacks jurisdiction to review a district court's record-based denial of a departure unless "the district court's refusal is based on the mistaken belief that the court lacked discretion to depart." *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 431 (5th Cir. 2001) (internal quotation marks and citation omitted). The record supports the conclusion that the district court understood it had discretion to depart but determined that departure was not warranted by the facts of the case. Therefore, this court lacks jurisdiction to address the denial of a downward departure. *See Rodriguez-Montelongo*, 263 F.3d at 431.

Appellate review of a district court's sentencing decision is limited to determining whether a sentence is reasonable. *Gall v. United States*, 552 U.S. 38, 46 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Since Moreno failed to object to the reasonableness of his sentence, the district court's sentencing determination is reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Moreno's arguments that the district court failed to account for his cultural assimilation and the purported severity of the 16-level enhancement are not supported by the record. The record reflects that in imposing the sentence, the district court considered the presentence report and the arguments of the parties—including Moreno's request for a downward

departure based on cultural assimilation—and further considered Moreno's contention that his prior aggravated assault conviction "really skew[ed]" the advisory guidelines range. Although Moreno contends that the district court failed to consider his request for a variance for time spent in ICE custody, the record reflects that the district court reviewed Moreno's sentencing memorandum, which contained his argument for the requested variance, an argument he did not reassert at the sentencing hearing. Moreno fails to show that the district court committed clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). His contention that the district court should have sentenced him below the guidelines range reflects his mere disagreement with the propriety of his sentence, which is insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *Cooks*, 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.