# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2020

Lyle W. Cayce
Clerk

No. 18-31202
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVE SCOTT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:18-CR-106-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Steve Scott appeals his 84-month, within-guidelines sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He contends that his sentence is substantively unreasonable because the district court failed to give appropriate weight to the extenuating circumstances surrounding his possession of the firearm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31202

We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).  When a defendant fails to object to the substantive reasonableness of his sentence, however, our review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). Scott admits that he did not object to the substantive reasonableness of his sentence at the time it was imposed, but he argues that an objection was not required to preserve error. Even under the more lenient standard of review, Scott fails to demonstrate that his sentence was substantively unreasonable. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The record reflects that the district court considered both Scott's mitigation arguments and the 18 U.S.C. § 3553(a) factors when imposing his sentence. Notably, the district court explicitly acknowledged the extenuating circumstances surrounding Scott's possession of the firearm—including his desire to protect himself from potential future violence—and observed that these circumstances justified a lesser sentence. However, instead of the 70-month sentence requested by Scott, the district court ultimately concluded that a sentence near the top of the guidelines range was appropriate due to Scott's lengthy criminal record. Scott's arguments amount to a mere disagreement with the district court's weighing of the § 3553(a) factors, which is insufficient

to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Scott has failed to show that his sentence is substantively unreasonable. *See Gall*, 552 U.S. at 50–53; *Campos-Maldonado*, 531 F.3d at 338–39.

Accordingly, the judgment of the district court is AFFIRMED.