# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2010

Charles R. Fulbruge III
Clerk

No. 09-10612
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY DEAN WEST,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CR-77-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Terry Dean West appeals the sentence imposed upon his conviction for making false statements related to healthcare matters and aiding and abetting. *See* 18 U.S.C. §§ 1035, 2. West presents four arguments: (1) that the district court erred at sentencing by enhancing his offense level by two pursuant to United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 3B1.3 for abuse of a position of trust, (2) that the district court erred at sentencing by enhancing his offense level by two pursuant to U.S.S.G. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2B1.1(b)(9)(C) for the use of sophisticated means in committing the offense, (3) that the district court erred by declining to award West a nonguideline sentence or a downward departure, and (4) that an alleged violation of the victim's statutory rights at sentencing violated his due process rights.

Section 3B1.3 of the Guidelines provides in pertinent part that "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." Sava Care Corporation (Sava), West's employer, placed West in a position of trust that significantly facilitated the commission of the offense. West's employment gave him access to Sava's accounting and billing information and gave him a unique opportunity to alter those records without any immediate supervision under which the alterations were likely to be discovered before West received any money from them. *See United States v. Brown*, 7 F.3d 1155, 1161 (5th Cir. 1993). The district court did not err in overruling West's objection to the § 3B1.3 enhancement.

Section 2B1.1(b)(9) of the Guidelines provides for a sentencing level increase if the offense involved "sophisticated means." "Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts . . . ordinarily indicates sophisticated means." U.S.S.G. § 2B1.1 cmt. n.8. West's offense conduct involved (1) manipulation of a facility's computer system by altering patient records, financial information, and names and addresses, (2) directing others to send refund checks to alias identities, and (3) obtaining post office boxes in multiple locations, some of which were rented under aliases. The district court's determination that West used sophisticated means was not clearly erroneous. *See, e.g., United States v. Wright,* 496 F.3d 371, 379 (5th Cir. 2007); *United States v. Clements,* 73 F.3d 1330, 1340 (5th Cir. 1996).

There is no merit in West's argument that the district court abused its discretion in denying his motion for a nonguideline sentence or a downward

2

departure. The claim is conclusory. West has not shown that the sentence imposed is procedurally unsound or that the calculation of the advisory guidelines range is incorrect. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). Moreover, a court of appeals is generally without jurisdiction to review a district court's refusal to grant a downward departure when its decision is based upon a determination that a departure was not warranted. *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). Regarding the district court's refusal to impose a lesser, nonguideline sentence, the sentence is within the applicable guideline range of imprisonment and is therefore presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). The district court did not abuse its discretion in imposing a sentence within the applicable guideline range. *See Gall*, 552 U.S. at 51.

West argues that because Sava was not identified as the victim until the morning of sentencing, it was not provided the rights afforded victims under 18 U.S.C. § 3771(b). West argues that his due process rights were violated in that he would have benefitted from knowing the identity of the alleged victim before he was sentenced.

This argument is patently frivolous. Section § 3771 specifically provides that "[a] person accused of the crime may not obtain any form of relief under this chapter." § 3771(d)(1).

AFFIRMED.

3