# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2011

No. 10-51134
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDITH MOSQUERA DE FLORES, also known as Edith Mosquera-Valencia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2246-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Edith Mosquera De Flores (Mosquera) appeals her sentences following her convictions on one count of illegal reentry into the United States, a violation of 8 U.S.C. § 1326, and one count of false personation in immigration matters, a violation of 18 U.S.C. § 1546. The district court sentenced her within her advisory guidelines range to concurrent terms of 48 months of imprisonment and three years of nonreporting supervised release for each count. Mosquera

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that her sentences are substantively unreasonable. She does not challenge her sentences for procedural error.

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Mosquera contends that her punishment was too severe because U.S.S.G. § 2L1.2 effectively double counts the defendant's criminal record in establishing the guidelines range. She further contends that her sentences overstated the seriousness of her illegal reentry offense and failed to properly reflect her personal history and characteristics. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Mosquera's sentences are presumed reasonable because they fell within her guidelines range, *see United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008), and she has not shown sufficient reason for this court to disturb that presumption.

AFFIRMED.