**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2012

Lyle W. Cayce
Clerk

No. 11-50940
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FACUNDO CHAVEZ-MARQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-213-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Facundo Chavez-Marquez appeals his 46-month sentence following his guilty-plea conviction for attempted illegal reentry after prior deportation and false personation in immigration matters. He maintains the sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). Chavez-Marquez contends: the guidelines range was too severe because Guideline § 2L1.2 (providing, inter alia, a 12-level enhancement for illegal reentry following a drug trafficking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense) double-counts a defendant's criminal record; the advisory guidelines sentencing range overstated the seriousness of his criminal history and nonviolent reentry offense; and the range failed to account for his motive for reentering–to seek treatment for his thyroid cancer.  Chavez-Marquez further argues that the advisory guidelines sentencing range was excessive because it failed to consider the disparity between defendants who, like him, cannot avail themselves of a "fast track" program and defendants in other districts who can avail themselves of such a program.  As he acknowledges, the latter argument is foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 & n.4 (5th Cir. 2008).

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in the light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).  Our court first determines whether the district court committed any significant procedural error; and, if not, the sentence is reviewed for substantive unreasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).  A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable. *United States v. Rodriguez*, 660 F.3d 221, 233 (5th Cir. 2011).

The district court considered Chavez-Marquez's arguments for a lower sentence but determined a 46-month within-guidelines sentence was appropriate.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Chavez-Marquez's contentions–the double-counting of his prior drug conviction, the nonviolent nature of his offense, and his medical condition and motive for reentry all justified a lower sentence–are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.