# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

No. 11-51209
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO LOPEZ-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1229-2

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Mario Lopez-Perez (Lopez) of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana (Count One), possession with intent to distribute more than 50 kilograms of marijuana (Count Two), and importation of more than 50 kilograms of marijuana (Count Three). He was sentenced to 72 months in prison on each count, to run concurrently, and a three-year term of supervised release on each count, to run concurrently. He now appeals the conviction and sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez argues that the district court denied him the right to present a defense by not allowing him to show his back to the jury unless he took the witness stand and by limiting defense counsel's cross-examination of a witness regarding the color balance of photographs admitted into evidence. In light of the overwhelming evidence showing that Lopez carried duffel bags of marijuana into the United States, including his statement that he did so, any error on the part of the district court in failing to allow him to show his back to the jury or limiting cross-examination is harmless. *See United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008) (holding that claims based on the right to present a defense and the right to confront adverse witnesses are reviewed de novo, subject to review for harmless error); *United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998) (holding that evidentiary rulings are reviewed for abuse of discretion, subject to review for harmless error); FED. R. CRIM. P. 52(a) (stating that an error is harmless if it does not affect substantial rights).

Lopez also contends that the district court failed to follow proper procedure and, as a result, denied him the discovery of potential impeachment evidence that should have been disclosed under *Giglio v. United States*, 405 U.S. 150 (1992). The district court did not improperly deny Lopez the discovery of potential impeachment because the evidence was not material. *See United States v. Infante,* 404 F.3d 376, 386 (5th Cir. 2005). The district court determined that the evidence at issue involved an unrelated incident involving a non-witness. Thus, Lopez has not shown clear error. *See United States v. Brown*, 650 F.3d 581, 589 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1969 (2012); *United States v. Holley*, 23 F.3d 902, 914 (5th Cir. 1994).

Finally, Lopez argues that his sentence is unreasonable because the district court made an erroneous factual finding when evaluating whether his criminal history was overstated. He contends that the district court assumed that he was a leader or organizer when he unlawfully used a means of transportation and that this fact was not set forth in the presentence report

(PSR). A review of the sentencing transcript indicates that the district court did not assume a fact not set forth in the PSR and, as a result, Lopez cannot show plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

To the extent that Lopez argues that his sentence is substantively unreasonable, he has not shown that his sentence did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). As a result, he has failed to overcome the presumption of reasonableness that attaches to his within-the-guidelines sentence on appellate review. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Lopez has therefore failed to demonstrate that the district court abused its discretion by imposing an unreasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Accordingly, the judgment of the district court is AFFIRMED.