# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2013

Lyle W. Cayce
Clerk

No. 12-30650
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDY Z. ROGERS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:11-CR-233-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Brandy Rogers pleaded guilty of embezzlement of bank funds and was sentenced within the guideline range to twenty-seven months of imprisonment. She

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals, arguing that the sentence is substantively unreasonable because the district court failed to take into account that she is the primary caregiver for her two sons, both of whom have special medical needs, and because a within-guideline sentence is not necessary to deter her or protect the public from further criminal conduct.  She also urges that the sentence is unreasonable in light of the restitution order, because she is unable to make restitution while incarcerated.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Mere disagreement with the propriety of the sentence or the weight given to the § 3553(a) factors is not enough to rebut the presumption of reasonableness that attaches to a within-guideline sentence.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

The district court was aware of the mitigating factors pointed to by Rogers but gave more weight to the seriousness of the offense, particularly its nature and characteristics.  Rogers has failed to rebut the presumption of reasonableness that is accorded to her within-guideline sentence.  *See Cooks*, 589 F.3d at 186; *Ruiz*, 621 F.3d at 398.

The judgment of sentence is AFFIRMED.