**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 26, 2013

Lyle W. Cayce
Clerk

No. 12-20272
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS ROJAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-116-2

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Luis Rojas appeals the sentence imposed following his guilty plea conviction of conspiring to commit sex trafficking and to harbor illegal aliens. He challenges the substantive reasonableness of his sentence, arguing that the enhancement of his sentence under U.S.S.G. § 3B1.1(a) increased his advisory sentencing guidelines range such that his sentence was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Although his total sentence of 192 months of imprisonment fell well below his advisory sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range of life imprisonment, Rojas contends that an even shorter term of imprisonment was appropriate because he was merely a maintenance worker at his sister's brothel, the offense was his first incursion into significant criminality, and during his many years in the United States he was a hard working member of the community.

We review criminal sentences, including those based on variances, for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). "Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Despite the mitigating factors in Rojas's case, the district court noted that the sentence imposed was appropriate in light of the large scale of Rojas's operation. Rojas's assertion that he should have been sentenced further below the guidelines range merely reflects a disagreement with the district court's weighing of the § 3553(a) factors. *See Gall*, 552 U.S. at 51.

AFFIRMED.