# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2011

Lyle W. Cayce
Clerk

No. 10-30297
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

YAKOV G. DRABOVSKIY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CR-146-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Yakov G. Drabovskiy appeals his sentences following his convictions on 20 counts of failure to depart in violation of 8 U.S.C. § 1253(a)(1)(B). The district court sentenced him within his advisory Guidelines range to concurrent terms of 78 months of imprisonment and three years of supervised release for each count. Drabovskiy contends that his sentence is substantively unreasonable. He does not challenge his sentence for procedural error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30297

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Drabovskiy contends that his sentence did not adequately account for the fact that he was originally admitted to the United States as a refugee from the former Soviet Union and that his instant criminal behavior was motivated by his genuine fear that he would be killed based on his religion if removed to Russia. Noting that he already had been detained in the custody of the United States Immigration and Customs Enforcement for about 36 months because of the same conduct that led to his instant criminal convictions, he argues that his sentence should be reduced by 36 months, which would result in a 42-month sentence that he contends would constitute appropriate punishment and serve as adequate deterrence. Drabovskiy also asserts that his criminal history consisted only of offenses involving the writing of fraudulent prescriptions and that he posed little risk of recidivism because he no longer possessed a medical license.

"[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Drabovskiy's sentence is presumed reasonable because it was within his Guidelines range, *see United States v. Diaz*, 637 F.3d 592, 603 (5th Cir. 2011), and Drabovskiy has not shown sufficient reason for this court to disturb that presumption.

AFFIRMED.