GLD-347                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1764
_____

YAKOV G. DRABOVSKIY,
                                                    Appellant

v.

WARDEN OF THE FCI ALLENWOOD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-00383)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: August 6, 2013)
_____

OPINION
_____

PER CURIAM

        In the United States District Court for the Western District of Louisiana, Yakov G.

Drabovskiy was convicted, after a jury trial, of twenty counts of violating 8 U.S.C.

§ 1253(a)(1)(B) for failing to depart after having been ordered removed.  United States v.

Drabovskiy, W.D. La. Crim. No. 2:09-cr-00146.  On April 6, 2010, he was sentenced to

seventy-eight months in prison (with credit for time served since his arrest) and a term of supervised release. Drabovskiy appealed the judgment to the Fifth Circuit Court of Appeals.

While the appeal was pending, Drabovskiy, housed at the Federal Correctional Institution at Allenwood, filed two habeas corpus petitions in the United States District Court for the Middle District of Pennsylvania (M.D. Pa. Civ. Nos. 4:10-cv-01830 & 4:10-cv-02226). In the first, he challenged his conviction for failure to depart and explained that 28 U.S.C. § 2241 was "designed for QUICK liberation." The District Court construed the petition as filed under § 2241 and denied it without prejudice because Drabovskiy had not exhausted his direct appeal and presented claims not appropriately brought pursuant to § 2241 (the challenge, the District Court explained, should have been initiated in the district of conviction as a motion under 28 U.S.C. § 2255). The District Court also ruled that the challenge was premature insomuch as it challenged immigration custody because Drabovskiy was not in immigration custody.

In the second petition, Drabovskiy again challenged his conviction. The District Court ruled that the petition was a successive petition under 28 U.S.C. § 2244(a) and that the claims were still unexhausted (because the direct appeal then remained pending), still misdirected (because they should have been brought in a § 2255 motion in the district of conviction), and still premature as to any immigration custody issues.

The Fifth Circuit Court of Appeals affirmed the judgment in Drabvoskiy's criminal case in June 2011. See United States v. Drabovskiy, 435 F. App'x 319 (5th Cir.

2

2011) (per curiam). It does not appear that Drabovskiy sought relief under § 2255 in the District Court for the Western District of Louisiana. Instead, in February 2013, Drabovskiy filed, in the District Court for the Middle District of Pennsylvania, another challenge to his conviction for failure to depart. He also argued that the writ of habeas corpus must not be suspended.[1]

A Magistrate Judge recommended that Drabovskiy's case be dismissed. The Magistrate Judge described his filing as an unauthorized successive petition under § 2244(a) and a petition that was not properly brought under § 2241 because it needed to be presented as a § 2255 motion in the district of conviction. The Magistrate Judge further stated that to the extent that Drabovskiy sought to challenge any immigration detention, any challenge to future immigration detention was premature where he was not yet in the custody of immigration officials and any challenge to past detention was moot where he had already been released from it. After Drabovskiy filed objections in which he stated, among other things, that he "does not challenge this immigrational [sic] problems in [his] petition," the District Court adopted the Magistrate Judge's report and recommendation with a modification to not consider the immigration-custody issues. The District Court dismissed the action without prejudice to Drabovskiy's pursuit of the other legal avenues described in the report. Drabovskiy then filed a motion to amend his

---

[1] In doing so, he contended that a suspension-of-the-writ claim "should not be confused with 2241, 2254, or 2255 petitions."

3

filing to add a claim about the indictment in his criminal case, which the District Court denied.

Drabovskiy appeals. The parties were notified that this case was slated for possible summary action. In response, Drabovskiy asks that we reverse the District Court's ruling and order the District Court to consider the merits of his case. He also presents a "motion for the default and a default judgment," on the basis that the appellee has not filed any argument relating to this appeal, and a "motion for release pending appeals."

Our review of the District Court's legal conclusions is plenary, and our consideration of its factual findings is under a clearly erroneous standard of review. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We review its exercises of discretion for abuse thereof. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

The District Court properly determined that it was without jurisdiction to considered Drabovskiy's filing as a § 2241 motion. Drabovskiy cannot bring his claims under § 2241, because a motion to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 is not "inadequate or ineffective." 28 U.S.C. § 2255. However, the District Court did not consider whether the filing was a § 2255 motion. Although Drabovskiy asserts that his filing is some sort of habeas petition not covered by §§ 2241, 2254, or 2255, in substance, his filing is a § 2255 motion. See Lewis v. Att'y Gen. of the U.S., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (requiring that a pro se pleading be "judged

4

by its substance rather than according to its form or label"). He challenges the whole of his criminal case, from the indictment to the jury instructions, claiming trial court error and prosecutorial misconduct in between. Such a § 2255 motion, his first after his direct appeal (where it appears no § 2255 motion has been considered on the merits), is appropriately entertained only by the court that imposed his sentence. See 28 U.S.C. § 2255(a).

So that the court that imposed Drabovskiy's sentence may consider his challenge to it, we vacate the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. We remand with instructions for the District Court to transfer Drabovskiy's § 2255 motion (ECF No. 1) and his proposed amendment (in his motion to amend, ECF No. 7) to the United States District Court for the Western District of Louisiana. See 28 U.S.C. § 1631 ("[T]he court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed."). Drabovskiy's request that we reverse the District Court, his "motion for the default and a default judgment," and his "motion for release pending appeals" are denied.