BLD-051                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3272
_____

YAKOV G. DRABOVSKIY,
                                    Appellant

v.

WARDEN OF THE FCI ALLENWOOD

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-01125)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 4, 2014

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: December 11, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Yakov G. Drabovskiy appeals the District Court's order dismissing without prejudice his habeas corpus petition. For the reasons that follow, we will summarily affirm.

I.

In 2010, Drabovskiy was convicted in the Western District of Louisiana of twenty violations of 8 U.S.C. § 1253(a)(1)(B) for failing to depart the United States after having been ordered removed. United States v. Drabovskiy, W.D. La. Crim. No. 2:09-cr-00146. He was sentenced to seventy-eight months in prison and a term of supervised release.

Drabovskiy has since made numerous unsuccessful attempts to challenge his conviction and confinement. Drabovskiy first appealed directly to the Fifth Circuit Court of Appeals. While his criminal appeal was pending, Drabovskiy, who had been transferred to the Federal Correctional Institution at Allenwood, Pennsylvania, filed two habeas corpus petitions in the United States District Court for the Middle District of Pennsylvania. See M.D. Pa. Civ. Nos. 4:10-cv-01830 & 4:10-cv-02226. Adopting the Magistrate Judge's Report and Recommendation ("R&R"), the District Court denied his first petition without prejudice because Drabovskiy had not exhausted his direct appeal and his claims did not fall under the purview of 28 U.S.C. § 2241, which codifies the power of the federal courts to grant writs of habeas corpus. The R&R also explained that the claims should have been initiated in the Western District of Louisiana as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. To the extent that the petition sought to challenge potential detention by immigration authorities that might

2

occur upon the completion of Drabovskiy's criminal sentence, those claims were dismissed as premature. The second petition was dismissed without prejudice as an unauthorized successive application that was barred by 28 U.S.C. § 2244 and that contained similarly unexhausted, misdirected, and premature claims.

The Fifth Circuit Court of Appeals affirmed Drabovskiy's criminal conviction in 2011. See United States v. Drabovskiy, 435 F. App'x 319 (5th Cir. 2011) (per curiam). In February 2013, Drabovskiy once again sought to challenge his conviction in the Middle District of Pennsylvania under the auspices of § 2241. The District Court dismissed that petition without prejudice, construing the filing as an unauthorized successive habeas petition that was barred under § 2244(a). See Drabovskiy v. Warden FCI Allenwood, No. 4-10-cv-2226, 2010 WL 5463069 (M.D. Pa. Dec. 29, 2010). Drabovskiy appealed. The Court concluded that the application for relief was properly characterized as a § 2255 motion, and that it was the first such motion to follow his direct appeal. See Drabovskiy v. Warden FCI Allenwood, 534 F. App'x 98 (3d Cir. 2013). Accordingly, the Court vacated the District Court's judgment and remanded the case with instructions that it be transferred to the Western District of Louisiana, the court that imposed the sentence. Id. The Western District of Louisiana then dismissed Drabovskiy's § 2255 motion as untimely under the one-year period of limitations set forth in § 2255(f)(1). See Drabovskiy v. Warden FCI Allenwood, W.D. La. Crim. No. 2-09-cr-00146, Order of May 9, 2014. Drabovskiy then filed an action "for deprivation of liberty due to indefinite detention" in the Middle District of Pennsylvania in which he

3

challenged prior and potential future detention by the Department of Homeland Security related to his order of removal. See M.D. Pa. No. 3:14-cv-00451. The District Court dismissed those claims as unactionable and the Court summarily affirmed. See C.A. No. 14-1871.

In June of 2014, Drabovskiy initiated this action in the Middle District of Pennsylvania. Once again, he sought to challenge his conviction, characterizing his filing as a "Constitutional Habeas Corpus Petition." The District Court dismissed the action without prejudice. The District Court reasoned that because he was challenging the validity of his conviction, Drabovskiy was limited to seeking relief by way of a § 2255 motion, which should have been brought before the Western District of Louisiana. Furthermore, because this was not Drabovskiy's first § 2255 motion, he required permission from the Court of Appeals for the Fifth Circuit to file a second or successive § 2255 motion. The District Court also determined that nothing in Drabovskiy's motion served to trigger the safety valve provision of § 2255(e) in order to permit him to proceed with a habeas petition under § 2241. Drabovskiy appealed. For the reasons that follow, we will summarily affirm.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's legal conclusions is plenary, and our consideration of its factual findings is under a clearly erroneous standard of review. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Because no substantial issue is raised on

4

appeal, we will summarily affirm the District Court's decision.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

III.

The District Court did not err in dismissing Drabovskiy's § 2241 petition for habeas relief.  Drabovskiy insists that the District Court should have construed his filing as an application for a writ of habeas corpus and not a motion under § 2255.  His motion—which challenges his conviction and raises, among other things, claims of procedural inadequacies with his indictment, prosecutorial misconduct, and ineffective assistance of counsel—is generally in keeping with, and thus was fairly characterized by the District Court as, a motion arising under § 2255.

Moreover, we concur with the District Court that the claims must be brought as a § 2255 motion in this instance.  It is well-established that a prisoner's claims challenging the legality of his federal conviction and sentence must ordinarily be raised in a motion under § 2255 filed in the sentencing court.  See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Such claims may not be raised in a § 2241 petition except where the remedy under § 2255 would be "inadequate or ineffective."  28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d at 251.  As noted by the District Court, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle, 290 F.3d at 539.  Rather, we have repeatedly emphasized that the so-called "safety valve" provision of § 2255(e) is

5

extremely narrow and applied only in rare circumstances. See, e.g., In re Dorsainvil, 119 F.3d at 251-52. The dismissal of Drabovskiy's prior § 2255 motion on the grounds that it is barred by the one-year statute of limitations period did not render § 2255 inadequate or ineffective. Id. Drabovskiy presents no viable alternative justification for the application of the safety valve provision, and thus a § 2255 motion remains the sole mechanism by which his request for relief may be presented.

The District Court also correctly observed that it could not properly entertain a § 2255 motion from Drabovskiy because the Western District of Louisiana had previously considered a similar motion. Section 2255(h) requires that a second or successive § 2255 motion be certified by the appropriate court of appeals in order to be considered by a district court. And § 2255 motions should be brought in the court that imposed the sentence, in this instance, the Western District of Louisiana. See 28 U.S.C. § 2255(a). Thus, the appropriate Court of Appeals from which Drabovskiy needs to seek certification is that of the Fifth Circuit.

IV.

For the foregoing reasons, we will summarily affirm the District Court's order dismissing the petition. See Third Cir. LAR 27.4 and I.O.P. 10.6.