# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41516
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRENDA RODRIGUEZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-164-1

Before HIGGINBOTHAM, SOUTHWICK and GRAVES, Circuit Judges.

PER CURIAM:*

Brenda Rodriguez-Garcia was convicted by a jury of conspiracy to possess with intent to distribute and possession with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); 18 U.S.C. § 2. The district court imposed a within-Guidelines sentence of 235 months of imprisonment and a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41516

five-year term of supervised release.   Rodriguez-Garcia was arrested and charged following a February 9, 2015 vehicle inspection at a border patrol checkpoint on Interstate 35 (I-35), north of Laredo, Texas.   During the secondary inspection of the vehicle driven by Rodriguez-Garcia, approximately 34.9 kilograms of liquid methamphetamine were found concealed in the vehicle's running boards.

Rodriguez-Garcia challenges her conviction and sentence in this appeal. She argues that the evidence was insufficient to support her conviction because the Government failed to prove beyond a reasonable doubt that she knew that she was driving a vehicle loaded with a controlled substance; the Government failed to prove that Rodriguez-Garcia knew the type and quantity of drug involved in the offense; and the 235-month sentence was substantively unreasonable because it was based almost entirely on the type and quantity of the drug involved and did not account for the 18 U.S.C. § 3553(a) sentencing factors as a whole.

Because Rodriguez-Garcia preserved her challenge to the sufficiency of the evidence, *see* FED. R. CRIM. P. 29, we review her challenge de novo.  *See United States v. Mitchell*, 792 F.3d 581, 582 (5th Cir. 2015).   "Even when examined de novo, review of the sufficiency of the evidence is highly deferential to the verdict."   *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013) (internal quotation marks and citation omitted).   All reasonable inferences are to be resolved in favor of the verdict.  *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995).   Reversal is warranted only if the Government fails to establish that, "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United*

*States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

The elements of a conspiracy to possess a controlled substance with intent to distribute are "(1) the existence of an agreement between two or more persons to violate narcotics laws, (2) the defendant's knowledge of the agreement, and (3) his voluntary participation in the conspiracy." *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008). The elements of the substantive offense under § 841(a)(1) are knowing possession of a controlled substance with intent to distribute it. *United States v. Gamez-Gonzalez*, 319 F.3d 695, 699 (5th Cir. 2003). In cases, like this one, where the drugs were located in a secret compartment, "we have required additional circumstantial evidence to support knowledge because of the possibility . . . that a third party could conceal drugs in the vehicle of an unwitting defendant." *United States v. Gil-Cruz*, 808 F.3d 274, 277 (5th Cir. 2015), *petition for cert. filed* (Mar. 9, 2016) (No. 15-9849).

Rodriguez-Garcia argues that the circumstantial evidence was insufficient to demonstrate that she had the requisite knowledge. She contends that she was an unwitting participant who was taken advantage of by drug traffickers who exploited her relationship with her family to gain her trust.

While it may not be unreasonable to hypothesize that Rodriguez-Garcia, a young woman with no criminal record who transported cars across the border for a living, could have been unwittingly duped into transporting drugs across the border, the evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. *United States v. Lankford*, 196 F.3d 563, 575 (5th Cir. 1999). Moreover, there was additional circumstantial evidence to support the knowledge element in

this case.  There was evidence that Rodriguez-Garcia was paid significantly more than usual for the job, that she led agents to believe that she owned the vehicle when in fact the vehicle was going to be delivered to someone else–a fact she omitted telling the agents at the inspection checkpoint, that she appeared nervous during the inspection, that she gave different responses regarding her point of origin in Mexico and her destination in the United States, that she smirked when confronted about the drugs, and that both the quantity and value of the drugs in the vehicle were significant.  Given that the jury was free to choose among reasonable constructions of the evidence and that all reasonable inferences are to be resolved in favor of the verdict, *see Resio-Trejo*, 45 F.3d at 911, we conclude that the jury could have found the essential elements of the crime beyond a reasonable doubt, *see Vargas-Ocampo*, 747 F.3d at 301.

Rodriguez-Garcia also contends that the Government failed to prove that she knew the type and quantity of drug involved in the offense.  As she concedes, this argument is foreclosed.  *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009).

We next review Rodriguez-Garcia's preserved challenge to the substantive reasonableness of her sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Although she argues that the district court placed "undue emphasis on the nature and quantity of the drugs involved," the record reflects that the district court considered other § 3553(a) factors as well, including Rodriguez-Garcia's background and circumstances, the need for the sentence to provide just punishment, and the need for the sentence to protect the public from further crimes.  We will not reweigh those factors.  *See Gall*, 522 U.S. at 51-52; *see also United States v. Campos-Maldonado*, 531 F.3d 337,

339 (5th Cir. 2008) ("[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."). That we "might reasonably have concluded a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Rodriguez-Garcia failed to demonstrate that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, she has not rebutted the presumption that the sentence imposed was reasonable.

The judgment of the district court is AFFIRMED.