# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50723
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLAUDIA ELENA MONTOYA,

Defendant-Appellant

Consolidated with 16-50739

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLAUDIA MONTOYA-DERIOS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1192-1
USDC No. 2:16-CR-37-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

No. 16-50723
Cons w/ No. 16-50739

PER CURIAM:[*]

Claudia Elena Montoya was convicted of illegal reentry and was sentenced within the guidelines range to 57 months of imprisonment and three years of supervised release.  In a separate proceeding, her supervised release was revoked, and she was sentenced to four months of imprisonment, to run concurrently with the sentence for the illegal reentry conviction.  Her appeals from these judgments have been consolidated for our review.

Montoya contends that her 57-month sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.  Her arguments pertain to the 57-month sentence imposed for her illegal reentry conviction; she does not make any specific argument regarding her revocation sentence.  Accordingly, she has abandoned her appeal of her revocation judgment.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  She fails to demonstrate any error, plain or otherwise, with respect to the substantive reasonableness of her sentence for her illegal reentry conviction.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

The judgments of the district court are AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.