# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30774
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER MUNOZ, also known as Victor Bonilla, also known as Jarlier Munoz-Guzman,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:17-CR-330-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Javier Munoz appeals the 165-month, within-guidelines sentence he received following his guilty plea conviction for one count of possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. He contends that the sentence was greater than necessary to reflect the seriousness of his offense, to afford adequate deterrence, and to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protect the public, and failed to adequately account for his personal characteristics.

We ordinarily review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). However, where the defendant failed to preserve an error in the district court, we review for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Because Munoz did not object to the sentence as substantively unreasonable, plain error review applies. To show plain error, Munoz must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*; *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018).

Because the district court imposed a sentence within the properly calculated guidelines range, Munoz's sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). His dissatisfaction with the district court's weighing of the 18 U.S.C. § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence, as he has not shown that the district court failed to consider any significant factor, gave undue weight to any improper factor, or clearly erred in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Further, because Munoz fails to explain how any error in his sentence was clear or obvious, he cannot meet the requirements of plain error review. *See Puckett*, 556 U.S. at 135; *Peltier*, 505 F.3d at 392.

The judgment of the district court is **AFFIRMED**.