# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31126
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SOHAIL AHMED RANA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CR-261-1

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

Sohail Ahmed Rana appeals his 30-month within-guidelines sentence after he pleaded guilty to communicating an interstate threat to injure the person of another in violation of 18 U.S.C. § 875(c). While in Colorado, Rana contacted the Lafayette, Louisiana office of U.S. Congressman Clay Higgins via telephone and made comments about killing the Congressman. He asserts that his sentence is substantively unreasonable because the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

focused on his criminal history to the exclusion of the other sentencing factors listed in 18 U.S.C. § 3553(a).  Rana specifically contends that he never intended to harm anyone, that his former spouse has taken some of the responsibility for past disputes that led to his domestic violence-related convictions, and that his recent behavior has improved since he communicated the threat against the Congressman.

The substantive reasonableness of a sentence is reviewed for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A within-guidelines sentence is presumptively reasonable, and it can only be rebutted "upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Rana has failed to rebut the presumption of reasonableness.  The record establishes that the district court considered his statement that he did not intend to harm anyone but found that his actions nevertheless instilled fear in his victims.  The district court similarly considered his recent improvement in behavior and potential reconciliation with his ex-wife but noted that Rana's pattern of losing his temper was concerning and required additional progress. However, the district court sentenced him at the lowest possible end of the guidelines range.  Rana has not shown that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the sentencing factors.  *Cooks*, 589 F.3d at 186.  Thus, the district court has not abused its discretion.

Accordingly, the district court's judgment is AFFIRMED.