# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10592
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CASYE NECOLE RICHARDSON, also known as Casye Necole Cotton,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:18-CR-71-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Casye Necole Richardson pleaded guilty to possession with intent to distribute at least 50 but fewer than 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced her within the advisory guidelines range to 262 months of imprisonment and four years of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10592

On appeal, Richardson argues that her sentence was substantively unreasonable and greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) because her guidelines range was based on drug quantities that she admitted when she cooperated with authorities after her arrest. She contends that if she had waited to cooperate until speaking with an attorney, she would have received a cooperation agreement under U.S.S.G. § 1B1.8 that would have prevented the district court from using the information she divulged to calculate her guidelines range. Richardson argues that her guidelines range would have been much lower without those drug quantities and that the district court failed to take into account the disparity between her sentence and that of a hypothetical defendant who had not cooperated.

We must now decide whether the district court imposed a reasonable sentence or instead abused its discretion in concluding that the § 3553(a) factors support the sentence. *Holguin-Hernandez v. United States*, No. 18-7739, 2020 WL 908880, at *3 (U.S. Feb. 26, 2020). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Because the district court imposed a sentence within the guidelines range, our "concern about unwarranted disparities is at a minimum." *United States v. Carey*, 589 F.3d 187, 196 (5th Cir. 2009) (internal quotation marks and citation omitted). Moreover, Richardson has not provided any facts or arguments, beyond her own speculation, demonstrating that the district court

No. 19-10592

failed to consider the need to avoid unwarranted sentencing disparities or failed to give proper weight to any of the § 3553(a) factors in imposing her sentence. *See* § 3553(a)(6); *Cooks*, 589 F.3d at 186. As a result, she has not rebutted the presumption of reasonableness or established that the district court abused its discretion by imposing a substantively unreasonable sentence.

AFFIRMED.