# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 19-10819
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS GERALDO DOMINGUEZ,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-41-3

—————

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Marcos Geraldo Dominguez appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine. He contends that his 151-month sentence, which was at the bottom of the applicable guidelines range, is substantively unreasonable because the district court focused only on his criminal history.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10819

We review a district court's sentencing decision for reasonableness, under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

A defendant's criminal history is a proper factor for consideration at sentencing. *See* 18 U.S.C. § 3553(a)(1) (requiring consideration of the defendant's "history and characteristics"). Thus, the district court's consideration of Dominguez's criminal history did not amount to affording significant weight to an irrelevant or improper factor. *See Cooks*, 589 F.3d at 186. The fact that Dominguez had only a limited criminal history was a part of the guidelines calculations, and this fact was discussed by the district court at sentencing. The district court also heard Dominguez's allocution and counsel's arguments in mitigation, and it stated it had considered both the guidelines range and the § 3553(a) factors. The district court was in the best position to evaluate all the evidence, as well as the need for the sentence to further the other objectives set forth in § 3553(a), and its decision is entitled to deference. *See Gall*, 552 U.S. at 51. Mere disagreement with the propriety of a within-guidelines sentence does not rebut the presumption that the sentence was reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Accordingly, the district court's judgment is AFFIRMED.