# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-51110
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Milena Salguero-Tziboy,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-309-2

_____

Before Dennis, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Milena Salguero-Tziboy pleaded guilty to harboring illegal aliens for the purpose of commercial advantage and private financial gain under 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(B)(i). She was sentenced to 97 months of imprisonment, at the lowest end of the applicable guidelines range.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51110

On appeal, Salguero-Tziboy argues that her sentence is substantively unreasonable because it fails to properly account for the nature and circumstances of the offense as required by 18 U.S.C. § 3553(a)(1)—that is, that she harbored the illegal aliens while being held in a condition of involuntary servitude and under the threat of harm to her family in Guatemala. In particular, she maintains that she was forced to work as a caretaker at a stash house for smuggled aliens to pay off her debt. Because she preserved this claim, we review it for abuse of discretion. *See United States v. Zarco-Beiza*, 24 F.4th 477, 480-81 (5th Cir. 2022).

When evaluating whether a sentence is substantively reasonable, this court looks to the factors listed in § 3553(a). *United States v. Ochoa*, 977 F.3d 354, 357 (5th Cir. 2020). A "properly calculated, within-guidelines sentence," such as the one here, is entitled to a "rebuttable presumption of reasonableness." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

The record reflects that the district court carefully considered Salguero-Tziboy's argument but ultimately rejected it. It found that Salguero-Tziboy had chosen to come to the United States illegally and was paid to be a caretaker at the stash house for smuggled aliens. The district court found that Salguero-Tziboy's testimony regarding how she came to the United States and why she was working at the stash house was "incredible, and therefore not believable." As such, the district court concluded that, based on its analysis of all of the factors set forth in § 3553(a), the guidelines range was fair and reasonable, and a 97-month sentence, at the lowest end of the range, was warranted.

No. 22-51110

As we have previously acknowledged, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008); *see also United States v. Willis*, 76 F.4th 467, 477 (5th Cir. 2023) ("The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." (internal quotation marks and citation omitted)). Salguero-Tziboy's claim amounts to "a request that we reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do." *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). Because Salguero-Tziboy has not rebutted the presumption of reasonableness that is afforded to her within-guidelines sentence, we conclude that the district court did not abuse its discretion. *See id.*

The judgment of the district court is AFFIRMED.